U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2019 AUG 15  PM 5: 02

CLERK

BY_____
DEPUTY CLERK

UNITED STATES OF AMERICA          )
                                  )
        v.                        )        Criminal No.
                                  )        5:19 cr - 126-1
PAUL BATEMAN,                     )
        Defendant                 )

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

Between in or about 2015 and in or about August 2019, in the District of Vermont and elsewhere, the defendant PAUL BATEMAN knowingly and willfully conspired with others, known and unknown to the Grand Jury, to introduce and deliver for introduction, and cause the introduction and delivery for introduction, into interstate commerce, with intent to defraud and mislead, prescription drugs that were misbranded within the meaning of Title 21, United States Code, Section 353(b)(1), in that the drugs were dispensed without the prescription of a practitioner licensed by law to administer such drugs, and within the meaning of Title 21, United States Code, Section 352(f)(1), in that their labeling failed to bear adequate directions for use, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).

### Object of the Conspiracy

It was the object of the conspiracy that the defendant PAUL BATEMAN and his co-conspirators enrich themselves by illegally offering for sale and selling -- without valid prescriptions -- misbranded prescription drugs to customers in the United States and elsewhere.

1

## Manner and Means

It was part of the conspiracy that:

1.      The defendant PAUL BATEMAN and his co-conspirators operated an internet pharmacy network that consisted of illicit online pharmacy websites that offered prescription drugs not approved for distribution in the United States for sale to customers without a valid prescription.

2.      Payments for some of the drugs purchased through the network were sent to a Post Office Box in Minnesota opened and controlled by defendant PAUL BATEMAN's co-conspirator and deposited into bank accounts controlled by defendant PAUL BATEMAN's co-conspirator.  Proceeds from the sale of some of the drugs purchased through the network were then sent to defendant PAUL BATEMAN.

4.      Prescription drugs purchased through the network were shipped to customers in Vermont and throughout the United States from locations in India, Singapore, and other foreign countries.

5.      In order to evade detection by United States Customs and the United States Food and Drug Administration, the network misdeclared the misbranded prescription drugs being imported into the United States as gifts, supplements, samples, or otherwise.

## Overt Acts

In furtherance of the conspiracy and to effect the objects of the conspiracy, the defendant and others known and unknown to the Grand Jury committed, or caused to be committed, the following overt acts in the District of Vermont and elsewhere:

6.      In or about November 2018, a package that had been ordered from inside the United States on or about September 25, 2018, and that had been shipped from outside the

2

United States, was received in the District of Vermont. The package contained 200 tablets of Tapentadol, a schedule II controlled substance. The United States Customs declaration described the package as a "gift" and as containing "supplements."

7.      In or about February 2019, a package that had been ordered from inside the United States on or about December 12, 2018, and that had been shipped from outside the United States, was received in the District of Vermont. The package contained 200 tablets of Tapentadol, a Schedule II controlled substance. The United Sates Customs declaration described the package as a "gift" and containing "Sample H.L.M."

8.      In or about April 2019, three packages that had been ordered from inside the United States on or about February 27, 2019, and that had been shipped from outside the United States, were received in the District of Vermont. The three packages contained a total of 1,050 tablets of Tapentadol, a Schedule II controlled substance. The United States Customs declaration described the package as a "gift" containing "Sample H.L.M.".

(18 U.S.C. § 371)

## COUNT TWO

Between in or about 2015 and in or about August 2019, in the District of Vermont and elsewhere, the defendant PAUL BATEMAN, and others, known and unknown to the Grand Jury, knowingly and willfully conspired to distribute Tapentadol, a Schedule II controlled substance, and Tramadol, a Schedule IV controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C), 841(b)(2), 846)

4

## COUNT THREE

On or about September 25, 2018, in the District of Vermont and elsewhere, the

defendant, PAUL BATEMAN, knowingly and intentionally distributed Tapentadol, a Schedule

II controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C); 18 U.S.C. § 2)

## COUNT FOUR

Between in or about 2015 and in or about August 2019, in the District of Vermont and elsewhere, the defendant, PAUL BATEMAN, and others, known and unknown to the Grand Jury, knowingly conspired to:

(a)     violate 18 U.S.C. § 1956(a)(1)(A)(i): to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is as alleged in Count Two, the conspiracy to distribute Tapentadol, a Schedule II controlled substance, and Tramadol, a Schedule IV controlled substance, with the intent to promote the carrying on of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity;

(b)     violate 18 U.S.C. § 1956(a)(1)(B)(i): to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is as alleged in Count Two, the conspiracy to distribute Tapentadol, a Schedule II controlled substance, and Tramadol, a Schedule IV controlled substance, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity; and

(c)     violate 18 U.S.C. § 1956(a)(2)(A): to transport, transmit, and transfer and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United

6

States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is as alleged in Count Two, the conspiracy to distribute Tapentadol, a Schedule II controlled substance, and Tramadol, a Schedule IV controlled substance.

(18 U.S.C. § 1956(h))

## COUNTS FIVE AND SIX

On or about the dates below, in the District of Vermont and elsewhere, the defendant, PAUL BATEMAN, knowingly conducted and attempted to conduct financial transactions affecting interstate and foreign commerce, as specifically identified below, which involved the proceeds of specified unlawful activity, specifically, as alleged in Count Two, conspiracy to distribute Tapentadol, a Schedule II controlled substance, and Tramadol, a Schedule IV controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), 841(b)(2), and 846, with the intent to promote the carrying on of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

### Transactions

| Count | Date of Transaction | Transaction | Amount in U.S. dollars |
|-------|---------------------|-------------|------------------------|
| Five | 11.2.2018 | Wire transfer from US Bank account #********0343 to PAUL BATEMAN located outside of the United States | $383.00 |
| Six | 2.13.2019 | Wire transfer from US Bank account #********0343 to PAUL BATEMAN located outside of the United States | $554.00 |

(18 U.S.C. § 1956(a)(1)(A)(i); 18 U.S.C. § 2)

## FORFEITURE NOTICE ONE

1.      The allegations contained in Counts Two and Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

2.      Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. §§ 841 & 846, the defendant, PAUL BATEMAN, shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.  The property to be forfeited includes, but is not limited to, United States funds in the amount of gross proceeds obtained as a result of the violation.

3.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of this court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be divided
                without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(21 U.S.C. § 853)

## FORFEITURE NOTICE TWO

1.      The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 334 and 28 U.S.C. § 2461(c).

2.      Upon conviction for any and all of the violations alleged in Count Two of this Indictment, the defendant, PAUL BATEMAN, shall forfeit to the United States any new drug that had not been approved by the Food and Drug Administration when introduced into interstate commerce, as well as any drug that was misbranded when introduced into interstate commerce, pursuant to 21 U.S.C. § 334 and 28 U.S.C. § 2461(c).

3.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of this court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

(21 U.S.C. § 334; 28 U.S.C. § 2461(c))

## FORFEITURE NOTICE THREE

1.      The allegations contained in Counts Four, Five, and Six of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(1).

2.      Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of an offense in violation of 18 U.S.C. § 1956, the defendant, PAUL BATEMAN, shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, all property constituting the subject matter of the money laundering offenses for which the Defendant has been convicted; and all property used to commit or facilitate the commission of the money laundering offenses for which the Defendant has been convicted.

3.      If any of the property described above, as a result of any act or omission of the defendant:

   a.      cannot be located upon the exercise of due diligence;

   b.      has been transferred or sold to, or deposited with, a third party;

   c.      has been placed beyond the jurisdiction of the court;

   d.      has been substantially diminished in value; or

   e.      has been commingled with other property which cannot be divided
           without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

(21 U.S.C. § 853(p); 18 U.S.C. § 982(b)(1); 28 U.S.C. § 2461(c))

11

A TRUE BILL

FOREPERSON

_Arista E. Nolan_____ (by JJB)

CHRISTINA E. NOLAN
United States Attorney
Burlington, Vermont
August 15, 2019